ELLIS, Judge.
Plaintiff filed suit on a promissory note in the amount of $1,350 with a balance due thereon of $1185.63. Judgment was rendered in favor of the plaintiff in the amount of $3-59.98 with 8% per annum interest and 15% of principal and interest as attorneys fees plus costs.
Plaintiff has perfected an appeal to this court and complains of error in that the *152 trial court refused to hear certain testimony.
The material allegations of plaintiff’s petition are as follows: the defendant is indebted to the petitioner in the amount of $1185.03 as the balance due on a promissory note made payable to plaintiff’s order, on or before April 1, 1951 for the sum of $1,350 interest at 8% from maturity and 15% attorney fees if placed in the hands of an attorney for collection. Defendant has made certain payments on the said note.
Defendants answer denied the balance due but admitted the existence of a debt, also admitting the existence of the note. Defendant further alleges that other various substantial payments were made and not credited on the said note.
The trial judge sustained an objection by counsel for defendant to question by plaintiff’s counsel on direct examination:
“Q. Examine the records in your hands and tell me the balance of Albert Hano’s account.
“Mr. Blackwell: I object unless that shows the deal with this note, they are not talking about an account, they brought suit on a note, not an account. I don’t know what he purports to prove here.
“The Court: Where is the note, your suit is on a note here and it is not necessary to go into the matter and show what it was issued for. The defendant admits the note, etc.
“Mr. Blackwell: They are offering evidence on an open account.
“The Court: Show what is relevant.
“Mr. Dufreche: We are showing what the open account is — the note was given to secure the open account.
“Mr. Blackwell: If that is the case they will have to amend the petition and apprise this man of that fact they have taken him by surprise here.
“The Court: What difference does it make, you aren’t claiming more than $1,350.00?”
In effect the court ruled that the suit was on a note and evidence as to the indebtedness on an open account was not ad-missable, and therefore held that the payments of $824.65 must be deducted from the face amount of the note, $1,350. According to the evidence the judge erroneously used the figure $825.65 as the payments made by the defendant.
Annexed to the suit and filed with the suit is a crop lien and chattel mortgage for $1,350 with which a note in the amount of $1,350 dated December 16, 1950 was identified. On the face of the crop lien and chattel mortgage it states that the plaintiff is “justly, truly and legally indebted unto Ponchatoula Farm Bureau Association Ins., * * * in the sum of Thirteen Hundred Fifty and no/00 Dollars to borrower now loaned and advanced and to be loaned and advanced to assist Borrower in the production of crops of strawberries, beans, peppers, squash, corn, potatoes and other agricultural products during the year 1951 * * *"
From the record it can be seen that the defendant was actually advanced a total amount of $2,010.28. While the Judge refused to admit testimony explaining the entire transaction between plaintiff and defendant, it can easily be gleaned from the record that the plaintiff treated the open account as being secured by the crop lien and chattel mortgage note, and, therefore, deducted from the total amount of defendant’s account the payments made of $824.65 which would have left a balance as sued for of $1185.63. There is positive testimony as to the amount of the payments made by the defendant and as to the balance due, and when considered in the light of the explanation offered by counsel for plaintiff with regard to an open *153 account and the language of the crop lien and chattel mortgage, there is sufficient testimony upon which to render a positive judgment without a remand of this case for the introduction of further testimony.
The plaintiffs were within their legal rights in crediting the payments made to the unsecured amount of defendant’s account. The record does not contain a detailed proof of this fact but there is sufficient proof to support the definite conclusion that the defendant was advanced a total of $2010.28, rather than $1,350, the-amount of the note. Plaintiff would have made detailed proof but on objection of counsel for defendant the court held the proof as to the note only.
It would serve no useful purpose to remand this case in view of the fact that the record contains sufficient facts upon which to base a judgment. There is no dispute as to the amount of the payments and plaintiff has positively testified as to the balance, and the chattel mortgage showed that at the time of the giving of the note advances were to be made in order to raise various agricultural crops, and counsel for plaintiff explained to the court that defendant’s complete account was carried as an open account, and using the payments made with which defendant was credited and the proven balance due, it is easy to determine as above shown, the total amount of defendant’s account, and by taking the credits from the total amount it would leave the amount sued for as being due by defendant to plaintiff. As the balance was less than the amount of the note, plaintiff sued upon the note, but we are of the opinion that the testimony should have been admitted showing the entire transaction in detail.
For the reasons assigned, the judgment of the District Court is amended and judgment is now awarded in favor of the plaintiff for $1185.63 and in all other respects the judgment is affirmed.